Thank you, Your Honor. Again, I'm Scott Campbell. I represent Becky Gilbertson. This is an action that started in district court on Title VII against the Quinault Indian Nation and alleging essentially discriminatory conduct in violation of Title VII. And it addresses, I think, the issue of sovereign immunity, and that was certainly what the decision down below was, whether or not there was a waiver of sovereign immunity. And so getting right to the issue that there is a waiver, we felt that it was within the language of the employee handbook. I cited some language just to set out initially that an employee handbook can create a contract, does create a contractual relationship. And in the case I cited, a certain act that didn't apply to an employee, effectively when it was put into the employee handbook, it did apply. So it seems to me that the issue really is whether the language in our case, and I'll just kind of recite it, it's certainly covered in the brief, but it says a certain portion of the employee handbook says that team members can raise concerns and make reports without fear of reprisal and are protected under Title VII, which is a provision of the Civil Rights Act of 1964. Did you have a retaliation claim in this case? I think we did. We raised that factually, yes. For example, as an illustration of why the language you cite seems to me at best ambiguous, it says team members can raise concerns and make reports without fear of reprisal and are protected under Title VII, which is a provision of the Civil Rights Act of 1964. That seems to be saying at most that they cannot suffer reprisals or they're protected against reprisals. That would knock out all of your claims except conceivably a retaliation claim, even if this were a waiver. Well, certainly factually I do believe that there are some factual allegations of reprisals and whether those would fit under a cause of action under Title VII. I think that's the case, but I suppose that's the question, whether using the word protected is different maybe than the other cases. There are some other cases. But doesn't this really illustrate that this is very far from a clear and unequivocal waiver? Okay, yeah. And I think that I argue obviously that it is a clear or unequivocal waiver because they're using the word protected. They're saying that somebody who is not protected by Title VII, they're saying that they are protected. So I do believe that those words have to have some meaning. Well, counsel, I think it's the Allen v. Gold country case. We said that an employee orientation booklet that said that a casino, which we said was part of the arm of the tribe, would practice equal opportunity employment and promotion regardless of race, religion, color, creed, national origin, and other categories protected by applicable federal laws. We said that was not a clear waiver of immunity. Now, why is this any clearer? Well, because I think that the language in this case is telling an employee that you are protected. I think the language in that handbook, if I'm going to try to find a difference here, because I understand that's your problem, is really a commitment by the casino compared to telling an employee that you are protected. You know, it's a contractual arrangement where you are protected by this act. You know, that's the one issue that I would see as a difference. Even though they're both an employee handbook. Yes, this is clearly an employee handbook that my client signed. I don't know that it really got to that point. It was dismissed early in the case. We didn't do much discovery. But there are certainly exhibits in here that it was an employee handbook, and it was effective. It was ratified by the business committee, which would be necessary according to the Quinault Indian Nation. So it was clearly the handbook. It was signed by my client when she started. But I do understand that language, and, you know, I guess I'm here to say this is different. If you tell an employee that they are protected as part of this, that's really the heart of the issue, I think, in this case. There are other issues that I've raised in my brief, but, you know, there's a couple. That case is one that is cited. So beyond that, you know, I guess I would just save me time for rebuttal. That's fine. Thank you. Okay, Ms. McGraw. And what's the slant of the Quinault Indian Nation on waiver of sovereign immunity here? Why do they have a sentence like that in their handbook if they won't permit a suit? Your Honor, the Quinault Indian Nation made a clear waiver of its sovereign immunity to its own court, and that's where the nation has agreed to allow suits to proceed against it, including a suit such as Ms. Gilbertson's. And, in fact, Ms. Gilbertson did pursue a suit in the court of the Quinault Indian Nation. And so what happened in that suit? There was discovery. The case was dismissed on summary judgment. There were numerous time issues as well as other issues. It was dismissed on summary judgment. Ms. Gilbertson appealed to the Quinault Nation's appellate court. The appeal did not satisfy the requirements for the form of an appeal, and so the appellate court dismissed the appeal. In the suit in the tribal court, was jurisdiction asserted because of this provision, or was jurisdiction asserted because the Quinault Indian Nation is insured? I frankly don't recall, Your Honor, that suit below raised issues under Title VII as well as the tribe's inherent law. So, for example, as I understand it, what you're saying is there's a waiver in Provision 99.02.020C of the Quinault Indian Nation Code that says the Quinault Indian Nation may be sued in Quinault tribal court with respect to any claim for which the Quinault Indian Nation is insured. So my question is, for example, if there were some Title VII claim that was not within the coverage of the insurance policy, are you saying you have not waived as to that? We probably would have made that argument. However, we did not deny the tribal court's jurisdiction. In this case? In this case. Could you tell me what you consider your best argument or best foot forward as to why the Allen case, in which we said there has to be a clear waiver or can't be ambiguous, why that is not distinguishable in your view? Oh, I don't believe it's distinguishable, Your Honor. I think it's controlling here. Right. I want to know what your argument is as to why it's controlling. Because, Your Honor, virtually the same set of facts, aside from the fact that the plaintiff in the Allen case, in fact, had a 90-day right to sue letter from the EEOC. That's virtually the only distinguishing factor, and it doesn't make a difference here, because in Allen the case was dismissed on sovereign immunity without looking at the underlying claim. And in this case, while we have some snippet of language in the employee guidebook, as did the handbook that the plaintiff in Allen relied on, in both situations, there is not the clarity of the waiver. For example, neither handbook identifies a form, a procedure, governing law. So in that respect, in Allen as here, the language relied upon by the plaintiffs does not indicate suit. And if it does not indicate some type of adjudication or process for resolving the claim or resolving the protection, as the word plaintiffs are relying on, then that cannot be a waiver of sovereign immunity with the clarity and precision that the law requires. Title VII, of course, has a whole detailed administrative mechanism attached to it, which you're saying you're not adopting at all, right? Oh, precisely, Your Honor. Have you changed the handbook language since this case was brought? Yes, Your Honor. So you're basically saying that the employees at the casino could be told, you have a right to be protected, but they can't enforce that right? They could not be protected by the Title VII scheme, but they could be protected under Quinault tribal law. Okay. Okay, well, I have no questions, but maybe the other judges. In sum, Your Honors, the district court was correct. And I think it's one of the important points that the district court made was that there is a significant difference between a substantive application of law and a waiver of sovereign immunity. They're separate points of law. And plaintiffs in this case have asked the language in the handbook to do double duty. It's the vehicle which purportedly applies Title VII, and it's also the waiver. And while, as the district court recognized, it may be the vehicle by which the Title VII scheme could be applied, it is not the waiver of sovereign immunity that permits a court to exercise its jurisdiction to apply that law. So, Your Honors, for these reasons, we believe the district court is correct and the order should be affirmed. Thank you. Thank you, counsel. Okay, we'll hear from Mr. Campbell with rebuttal argument. Thank you for your time. Thank you. Thank you. Okay, the case of Rebecca Gilbertson v. Quinault Indian Nation shall be submitted.
judges: Rakoff, Schroeder, Gould